FILED

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF VIRGINIA<br>RICHMOND DIVISION | 2009 DEC -9  P 3: 46<br>CLERK US DISTRICT COURT |
| CLOUD STAR CORPORATION, BRENNAN MELTON-JOHNSON, and JENNIFER MELTON-JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL MOSS, TWELVE, INC., and IMAGINE THIS COMPANY,<br><br>Defendants. | C.A. No.: 3:09cv774(RLW)<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION<br><br>(DEMAND FOR JURY TRIAL) |

Plaintiffs, CLOUD STAR CORPORATION, BRENNAN MELTON-JOHNSON, and JENNIFER MELTON-JOHNSON (collectively, "Plaintiffs"), for their Complaint against Defendants, MICHAEL MOSS, TWELVE, INC., and IMAGINE THIS COMPANY (collectively, "Defendants"), allege the following. Allegations made on information and belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## INTRODUCTION

1.  This action is for trademark infringement, false designation of origin, and unfair competition under the Lanham Act and Virginia law. Defendants are using a mark very similar in appearance, sound, connotation and commercial impression to Plaintiffs' mark, for the same product, and for closely-related goods. Defendants' actions are part of a deliberate attempt to derive benefit from the reputation of Plaintiffs' mark and the related family of trademarks.

## THE PARTIES

2. Plaintiff Cloud Star Corporation ("Cloud Star") is a corporation organized under the laws of the State of California and has an office and principal place of business at 1341 West McCoy Lane, Santa Maria, California 93455. Brennan Melton-Johnson ("Brennan") and Jennifer Melton-Johnson ("Jennifer") are individuals and natural persons, residing in the State of California, with their place of business at 1341 West McCoy Lane, Santa Maria, California 93455. Brennan and Jennifer are husband and wife and are the owners and licensors of the subject registered trademarks.

3. Defendant Twelve, Inc. ("Twelve") is a corporation organized under the laws of the State of Virginia and has an office and place of business at 5331 Distributor Drive, Richmond, Virginia. On information and belief, defendant Twelve does business as Imagine This Company ("ITC"). On information and belief, defendant Michael Moss ("Moss") is an individual, natural person and is the sole director of defendants Twelve and ITC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a).

5. This Court has personal jurisdiction over Twelve and ITC by virtue of their status as a Virginia corporation and their maintenance of an office in Richmond, Virginia. Defendant Moss does business in and is present in Richmond, Virginia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2). Defendants Twelve and ITC reside in Richmond, Virginia. On information and belief, a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Virginia.

## PLAINTIFFS' RIGHTS

7. Cloud Star is engaged in the pet industry business. Since about 2004, prior to the acts of Defendants complained of herein, Cloud Star has been advertising, promoting, offering for sale, and selling bumper and other stickers under the WAG MORE BARK LESS mark (the "WAG MORE BARK LESS" Mark). Cloud Star advertises, promotes offers for sale, and sells a variety of goods under the WAG MORE BARK LESS family of trademarks. Cloud Star is the exclusive licensee of the WAG MORE BARK LESS Mark.

8. Brennan and Jennifer are the owners of United States Trademark Registration No. 3,394,655, registered March 11, 2008, for the WAG MORE BARK LESS Mark for bumper stickers and stickers and have granted an exclusive license to this mark to Cloud Star. Attached hereto as Exhibit 1 is a copy of the registration certificate. This registration is valid, subsisting, uncancelled and unrevoked.

9. Cloud Star has earned a reputation for providing high quality goods, and Plaintiffs have developed substantial goodwill in the WAG MORE BARK LESS Mark and in the WAG MORE BARK LESS family of trademarks throughout the United States. Brennan and Jennifer are also the owners of, and Cloud Star is also the exclusive licensee of, the WAG MORE BARK LESS family of trademarks, including U.S. Trademark Registration No. 3,660,374 for cups and mugs, Reg. No. 3,108,531 for animal and pet food products, and Reg. No. 3,250,278 for clothing.

10. As a result of Cloud Star's extensive advertising, promotions, and sales, customers and potential customers throughout the United States recognize, identify, and distinguish Cloud Star's goods from the goods of others by the WAG MORE BARK LESS Mark and by the WAG MORE BARK LESS family of trademarks.

## DEFENDANTS' ACTS

11. Defendants manufacture and sell signs, magnets, displays, banners, promotional items and clothing, including pet-related goods sold in the pet industry.

12. Defendants manufacture, advertise, promote, offer for sale, and sell a bumper magnet product under the designation BARK LESS WAG MORE. Defendants manufacture, advertise, promote, offer for sale and sell the bumper magnet product under the designation BARK LESS WAG MORE in the pet industry.

13. On October 16, 2009, Cloud Star notified the Defendants in writing of Plaintiffs' rights and asked Defendants to stop their use of the BARK LESS WAG MORE designation and any other designation that is confusingly similar to the WAG MORE BARK LESS family of trademarks.

14. Defendants refused to stop their use of the BARK LESS WAG MORE designation and after October 16, 2009, continued to manufacture, advertise, promote, offer for sale and sell bumper magnet products under the designation BARK LESS WAG MORE in the pet industry.

15. Defendants had actual knowledge of Cloud Star's prior use of the WAG MORE BARK LESS Mark and/or the WAG MORE BARK LESS family of trademarks and that, without the consent of Plaintiffs, Defendants have continued to use the confusingly similar BARK LESS WAG MORE designation as a mark, and to trade upon Plaintiffs' reputation and goodwill by causing confusion and mistake among customers and the public and by deceiving them.

16. On information and belief, Defendants' acts complained of herein are willful and deliberate and are committed with knowledge that their unauthorized use of the said

designation causes a likelihood of confusion.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement (15 U.S.C. § 1114))

17. Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 16 of this Complaint, and each of them, as if fully set forth herein. Each claim for relief is pled by each plaintiff against each defendant.

18. Brennan and Jennifer are the owners of, and Cloud Star is the exclusive licensee of, the WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks.

19. In violation of section 32 of the Lanham Act, 15 U.S.C. § 1114, Defendants have, without the consent of Plaintiffs, used in commerce the BARK LESS WAG MORE mark, in connection with the sale, offering for sale, and advertising of goods or services, on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

20. Defendants have committed the acts described in the preceding paragraph with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

21. Also in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114, Defendants have, without the consent of Plaintiffs, reproduced, counterfeited, copied, or colorably imitated the WAG MORE BARK LESS Mark and/or the WAG MORE BARK LESS family of trademarks and have applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, or advertising of goods or services, on or in

connection with which such use is likely to cause confusion, or to cause mistake, or deceive.

22. Defendants' acts complained of herein have damaged Plaintiffs, and will, unless restrained, further impair the registered WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks, and the goodwill associated therewith, and Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and False Representation (15 U.S.C. § 1125(a))**

23. Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 22, and each of them, as if fully set forth herein.

24. In violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Defendants have created and will create a false designation of origin and representation by using in commerce, without the consent of Plaintiffs, a mark that is confusingly similar to the WAG MORE BARK LESS Mark and to the WAG MORE BARK LESS family of trademarks, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and each of them with Cloud Star, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Cloud Star.

25. Plaintiffs have been, and are likely to be, damaged by Defendants' use of said false designation, and the public is likely to have the mistaken belief that Defendants' products and services are those of Cloud Star or are endorsed by Cloud Star or are sponsored by Cloud Star or are connected in some way with Cloud Star. On information and belief, by such wrongful acts, Defendants have caused and unless restrained by the Court, will

continue to cause, serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the WAG MORE BARK LESS Mark and with the WAG MORE BARK LESS family of trademarks.

26. On information and belief, Defendants' acts complained of herein are willful and deliberate and committed with knowledge that their unauthorized use causes a likelihood of confusion.

27. Defendants' acts complained of herein have damaged Plaintiffs, and will, unless restrained, further impair the registered WAG MORE BARK LESS Mark, the WAG MORE BARK LESS family of trademarks, and the goodwill associated therewith, and Plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Virginia Common Law Trademark Infringement)

28. Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 27, and each of them, as if fully set forth herein.

29. Defendants acts complained of herein constitute trademark infringement under Virginia common law.

30. On information and belief, Defendants' acts complained of herein are willful and deliberate and committed with knowledge that their unauthorized use of the BARK LESS WAG MORE mark causes a likelihood of confusion with the WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks.

31. On information and belief, Defendants' acts complained of herein have damaged Plaintiffs, and will, unless restrained, further impair the registered WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks and the goodwill

associated therewith, and Plaintiffs have no adequate remedy at law.

32. On information and belief, Defendants' willful acts of trademark infringement under Virginia common law constitute fraud, oppression, and malice, and reckless disregard for Plaintiffs' rights. On information and belief, Defendants have willfully appropriated the reputation, goodwill and high standing of Plaintiffs, and diverted to themselves the benefit and advantage which otherwise would have been associated with Cloud Star due to Plaintiffs' exclusive rights to use the WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks and the reputation, goodwill, and high standing that is related to Cloud Star's goods.

## FOURTH CLAIM FOR RELIEF

### (Virginia Common Law Unfair Competition)

33. Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 32, and each of them, as though fully set forth herein.

34. This claim is for unfair competition, arising under Virginia law, including the Code of Virginia, Title 59.1, Chapter section 59.1-92.1, et seq., and Virginia common law.

35. Defendants' acts complained of herein constitute unfair competition with Plaintiffs under the common law and statutory laws of the State of Virginia.

36. Defendants' acts complained of herein have damaged Plaintiffs, and will, unless restrained, further impair the registered WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks, and the goodwill associated therewith, and Plaintiffs have no adequate remedy at law.

37. On information and belief, Defendants' willful acts of unfair competition constitute fraud, oppression, and malice, and reckless disregard for Plaintiffs' rights. On

information and belief, Defendants have willfully appropriated the reputation, goodwill and high standing of Plaintiffs, and diverted to themselves the benefit and advantage which otherwise would have been associated with Plaintiffs due to Plaintiffs' exclusive rights to use the WAG MORE BARK LESS Mark and the WAG MORE BARK LESS family of trademarks and the reputation, goodwill, and high standing that is related to Cloud Star's goods.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request the following relief against Defendants and each of them:

A. That the Court enter judgment in favor of Plaintiffs and against Defendants on all claims for relief alleged herein.

B. That Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and each of them be enjoined and restrained from infringing the WAG MORE BARK LESS Mark.

C. That Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and each of them be enjoined and restrained from infringing any mark in the WAG MORE BARK LESS family of trademarks.

D. That Defendants and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them be temporarily, preliminarily, and permanently enjoined and restrained from:

(1) using, to market, advertise, or identify Defendants' goods or services, the BARK LESS WAG MORE mark, the WAG MORE BARK LESS Mark or any mark,

          term or designation that is confusingly similar to the WAG MORE BARK LESS Mark or is likely to create the erroneous impression that Defendants' goods or services originate from Cloud Star, are endorsed by Plaintiffs, or are connected in any way with Plaintiffs;

    (2)    using, to market, advertise, or identify Defendants' goods or services, the BARK LESS WAG MORE mark, the WAG MORE BARK LESS Mark or any mark, term or designation that is confusingly similar to the WAG MORE BARK LESS family of trademarks or is likely to create the erroneous impression that Defendants' goods or services originate from Cloud Star, are endorsed by Plaintiffs, or are connected in any way with Plaintiffs;

    (3)    otherwise infringing Plaintiffs' trademark rights;

    (4)    falsely designating the origin of Defendants' goods or services;

    (5)    unfairly competing with Plaintiffs in any manner whatsoever;

    (6)    causing a likelihood of confusion or injuries to Plaintiffs' business reputation; and

    (7)    manufacturing, using, displaying, distributing, or selling any infringement of the WAG MORE BARK LESS Mark or the WAG MORE BARK LESS family of trademarks.

E.    That Defendants be directed to file with this Court and serve on Plaintiffs within 30 days after service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which each defendant has complied with the injunction.

F.    That Defendants and their respective agents be required to account to Plaintiffs for any and all profits derived by them by reason of the acts complained of in this complaint.

G. That Defendants and their respective agents be ordered to pay over to Plaintiffs all damages that Plaintiffs have sustained as a consequence of the acts complained of herein.

H. That all materials in the possession, custody or control of Defendants and their respective agents, and all models, molds, plates, matrices, and other means of making them, which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court directs.

I. That Plaintiffs have and recover the costs of this civil action, including reasonable attorneys' fees.

J. That the acts of Defendants complained of herein be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. section 1117(a). Further, that Plaintiffs be entitled to enhanced damages pursuant to 15 U.S.C. section 1117(a).

K. That Plaintiffs have such other, further, or different relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Respectfully submitted,

_____
John B. Farmer
Virginia State Bar no. 29328
Leading-Edge Law Group, PLC
Three James Center
1051 East Cary Street, Suite 1130
Richmond, Virginia 23219
Telephone: (804) 343-3221
Facsimile: (804) 343-1131
Email: jfarmer@leadingedgelaw.com

OF COUNSEL:

Stephen A. Spataro (California SBN 82930)
SPATARO & ASSOCIATES
951 Jays Way
Ringgold, Georgia  30736-8982
Telephone: (706) 935-5616
Facsimile:  (706) 935-5787
Email: steve@spataro.com

December 9, 2009

**ATTORNEYS FOR PLAINTIFFS**